UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ROBERT THOMAS MAXWELL,     )     CASE NO. 1:06 CV 926
                                    )
          Plaintiff,      )     JUDGE JOHN R. ADAMS
      v.              )
                                      )
DEREK GREEN, et al.,         )     <u>MEMORANDUM OF OPINION</u>
                                    )     <u>AND ORDER OF PARTIAL DISMISSAL</u>
         Defendants.     )

On April 17, 2006, plaintiff <u>pro se</u> Robert Thomas Maxwell aka Thomas Maxwell aka Thomas Ralph Maxwell aka Thomas Robert Maxwell[1] filed this action under 42 U.S.C. §1983 against the Mansfield Correctional Institution (ManCI), the Ohio Department of Rehabilitation and Correction (ODRC) and ManCI Corrections Officer Derek Green.  In the complaint, plaintiff asserts he was subjected to cruel and unusual punishment, that he was denied appropriate medical attention, and that the ManCI failed to properly supervise its staff members.  He seeks monetary, declaratory, and injunctive relief.

---

[1]     In 2000, the Summit County, Ohio Court of Common Pleas convicted Thomas Maxwell of rape and gross sexual imposition, and classified him as a habitual sex offender.  The common pleas court sentenced him to prison.  <u>See</u> <u>State ex rel. Maxwell v. Spicer</u>, 104 Ohio St.3d 344, ¶ 1 (2004).  Plaintiff lists his name on the Complaint (Doc. 1) as Robert Thomas Maxwell. He lists his name on the civil cover sheet as Thomas Robert Maxwell.  When he originally filed this case in 2002, <u>Maxwell v. Green</u>, Case No. 1:02 CV 2153 (N.D. Ohio filed Oct. 31, 2002), the plaintiff listed his name on the initial pleading as Thomas Ralph Maxwell.

## I.  Statement of Facts

Mr. Maxwell is a prisoner who was incarcerated in the ManCI from March 2000 until March 2005.  On April 20, 2001, Mr. Maxwell engaged in an altercation with another inmate, Charles Utt.  Several corrections officers, including Officer Green, responded to the scene and intervened to separate the inmates.  Mr. Maxwell was ordered to the ground and was secured with handcuffs and chains.  As Officer Green was restraining Mr. Maxwell, he allegedly placed his knee into Mr. Maxwell's back  with great pressure while pressing Mr. Maxwell's face to the floor.  Officer Green then escorted Mr. Maxwell into the "sally port" area.  Mr. Maxwell alleges that Officer Green shoved him a distance of 10 to 12 feet, face first, into one of the sally port doors.  He indicates that he suffered shoulder, jaw, back, face, and spinal injuries for which he contends the defendants "have systematically and deliberately denied plaintiff the proper medical attention, therapy, and treatment." Doc. 1 at 5, ¶ 18.

Mr. Maxwell was transferred to the Toledo Correctional Institution ("ToCI") in 2005.  He claims that while he was incarcerated in the ToCI, he suffered a stroke.  He indicates he was not seen by a doctor for 12 days and was never taken to a hospital.  According to Mr. Maxwell, he was also told his cholesterol levels were dangerously high.  He contends he did not receive proper medical treatment for this condition. Mr. Maxwell was transferred to the Richland Correctional Institution ("RiCI") on September 1, 2005.  He claims the physicians at the RiCI terminated his prescriptions for pain medications.  Mr. Maxwell states he now moves around in a wheelchair that "he's had to fight to keep." Id. at 8, ¶ 10.

## II.  Procedural History

Mr. Maxwell, acting pro se, filed an action against Officer Green on October 31,

2

2002.  The complaint contained only one cause of action for use of excessive force, which was brought against Officer Green in his individual and official capacities.  A notice of attorney appearance was filed on behalf of Mr. Maxwell on April 14, 2003; and soon thereafter, Mr. Maxwell filed an Amended Complaint, naming the ManCI, the ODRC, ManCI Warden Margaret Bradshaw, and ManCI Corrections Officers Dennis Mueller and Sgt. Donna Taylor as additional defendants.  The Amended Complaint named Officer Green only in his individual capacity.  The pleading set forth additional claims under the Eighth Amendment for cruel and unusual punishment, denial of medical treatment, failure to supervise, and negligent and/or intentional dereliction of duty, and a claim under the Fourteenth Amendment Equal Protection Clause.

The defendants filed a Motion for Judgment on the Pleadings on June 13, 2003.  In response, the Court dismissed with prejudice the claims against Warden Bradshaw and Officers Mueller and Taylor.  The plaintiff's equal protection claim and his claim for negligent/intentional dereliction of duty were also dismissed with prejudice.  Mr. Maxwell's claims against Officer Green, the ManCI, and the ODRC for use of excessive force, denial of medical attention, and failure to supervise remained in the action.  See Maxwell v. Green, Case No. 1:02 CV 2153 (N.D. Ohio filed Dec. 1, 2003).

The remaining defendants then filed a Motion for Summary Judgment on January 12, 2004.  The Court granted the motion with respect to Mr. Maxwell's claims for denial of medical care and failure to supervise against the ManCI and the ODRC, and denied the motion with respect to his claim  against Officer Green for use of excessive force.  The Court found that genuine issues of material fact existed as to whether Officer Green violated the Eighth Amendment by using excessive force in connection with the altercation between inmates Maxwell and Utt. Maxwell v.

Green, Case No. 1:02 CV 2153 (N.D. Ohio filed Oct. 15, 2004).  At this point, only the excessive force claim against Officer Green remained in the litigation.

A date was selected for the jury trial.  On May 13, 2005, the parties filed a Joint Proposed Stipulation of Dismissal pursuant to FED. R. CIV. P. 41(a)(1)(ii).  The stipulated dismissal was "only in regards to the remaining claim in this case as set out by the Court's ruling on the Defendant's motion for summary judgment."  The Court approved the stipulation.  The remaining claim was thereby "dismissed otherwise than upon the merits and Plaintiff preserve[d] his rights to re-file an action on the remaining claim within one (1) year of the date of this filing." Maxwell v. Green, Case No. 1:02 CV 2153 (N.D. Ohio May 16, 2005).

### III. Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss under 28 U.S.C. §1915(e) a cause of action in an in forma pauperis case if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Mr. Maxwell's claims against Officer Green for denial of medical care, as well as all of his claims against the ManCI and the ODRC, will be dismissed with prejudice pursuant to § 1915(e).

---

[2]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

## A.  **Res Judicata**

Mr. Maxwell's claim against Officer Green for use of excessive force was the only cause of action which the right to re-file was preserved under FED. R. CIV. P. 41(a)(1)(ii).  His claims against the ManCI and the ODRC for the denial of medical care at the ManCI, and failure to supervise staff members, and his claim for denial of medical care against Officer Green presented in this present complaint were considered by this Court and dismissed on the merits in Case No. 1:02 CV 2153.  The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case with respect to Mr. Maxwell's claims against the ManCI and the ODRC, and his claims for denial of medical care against Officer Green.  Mr. Maxwell is therefore precluded from litigating these claims for a second time.

## B.  **Exhaustion of Administrative Remedies**

Mr. Maxwell also includes several new claims in the case at bar which pertain to the medical care he received at the ToCI and is receiving at the RiCI.  The Prison Litigation Reform

Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) requires:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints.  While exhaustion is mandatory under the PLRA, Porter v. Nussle, 534 U.S. 516, 524 (2002), the defendants must raise lack of exhaustion as an affirmative defense. FED. R. CIV. P. 8(a); Jones v. Bock, 549 U.S. ---, 127 S.Ct. 910, 921 (2007) (rejecting Sixth Circuit precedent and finding inmate's failure to exhaust is an affirmative defense under PLRA , *i.e.*, inmate is not required to specially plead or demonstrate exhaustion in his or her complaint).  To oppose a defendant's claim of failure to exhaust, the inmate must show that all available administrative remedies have been exhausted by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.  Mr. Maxwell has not attached copies of relevant grievances nor has he included specific allegations of exhaustion in his pleading.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1).  If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2).  If this second step does not provide

6

satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO

ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is

the final decision on the grievance. Grievances against the Warden and Institutional Inspector must

be filed directly with the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The

decision of the Chief Inspector or designee is final. Id.

## IV.  Conclusion

Accordingly, Mr. Maxwell's claims against the ManCI and the ODRC for the denial

of medical care at the ManCI, and failure to supervise staff members, and his claim for denial of

medical care against Officer Green are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

be taken in good faith.[3]  This case shall proceed solely on plaintiff's claim against Officer Green,

in his individual capacity, under the Eighth Amendment for use of excessive force and his claims

for denial of medical care at the ToCI and the RiCI.  The Clerk's Office is directed to forward the

appropriate documents to the U.S. Marshal for service of process.  **The Clerk's Office shall**

**include a copy of this order in the documents to be served upon the defendants.**

IT IS SO ORDERED.


Dated:  March 30, 2007                              /s/  John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[3]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not
taken in good faith.

7